IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO: 06 CC-11842

JOHNNY TERRY

        Plaintiff,

vs.

WASTE MANAGEMENT INC. OF
FLORIDA and BRYANT BURNS,

        Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JOHNNY TERRY, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendant(s), WASTE MANAGEMENT INC. OF FLORIDA and BRYANT BURNS (hereinafter referred to collectively as the "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his former employer for unpaid wages, pursuant to the Fair Labor Standards Act ("FLSA") and Chapter 448, Florida Statutes. Plaintiff seeks damages and a reasonable attorney's fee.

### JURISDICTION

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b) and for the state law claim under the doctrine of pendent jurisdiction.

## VENUE

3.      The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Orlando, Florida.

## THE PARTIES

4.      Plaintiff was at all time material, employed by Defendant, WASTE MANAGEMENT INC. OF FLORIDA, garbage truck driver, at its business located in Orlando, Florida.

5.      The Defendant, WASTE MANAGEMENT INC. OF FLORIDA, is a Florida corporation that operates a waste management and operates in Orlando, Florida. Defendant, WASTE MANAGEMENT INC. OF FLORIDA, is an employer as defined by 29 U.S.C. Section 203(d). The employer has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6.      Plaintiff was/is an employee of WASTE MANAGEMENT INC. OF FLORIDA and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7.      Alternatively, Defendant, WASTE MANAGEMENT INC. OF FLORIDA is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8.      Defendant, BRYANT BURNS, was at all times material hereto, the owner and/or officer of Defendant, WASTE MANAGEMENT INC. OF FLORIDA.

9.      Defendant, BRYANT BURNS, at all times material hereto was acting directly or indirectly in the interest of Defendant, WASTE MANAGEMENT INC. OF FLORIDA, in relation to Plaintiff's employment and were substantially in control of the terms and conditions of the employee's work and are therefore considered statutory employers under 29 U.S.C. 203(d).

10.     Plaintiff has retained the PANTAS LAW FIRM, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

11. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

12. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II
### VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT

13. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 9, above.

14. The Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by Defendants. Specifically, Plaintiff worked from

09/99 - 06/06/06, and received less than the minimum wage for hours worked, and in fact was never compensated by Defendant for work for said period.

WHEREFORE, Plaintiff demands a judgment against Defendants for the following:

(a)   Wages found to be due and owing;

(b)   An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)   Prejudgment interest in the event liquidated damages are not awarded;

(d)   A reasonable attorney's fee and costs; and,

(e)   Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: 7/18/06

W. ROBERT SHERRY, ESQ.
Bar No.: 0497258
K.E. PANTAS, ESQ.
Bar No.: 0978124
PANTAS LAW FIRM, P.A.
250 North Orange Avenue
Eleventh Floor
Orlando, Florida 32801
Tel.: (407) 425-5775
Fax.: (407) 425-2778

-4-