# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHNNY TERRY,**

      **Plaintiff,**

-vs-                                      **Case No.  6:06-cv-1473-Orl-28JGG**

**WASTE MANAGEMENT INC. OF FLORIDA, BRYANT BURNS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Joint Stipulation for Dismissal with Prejudice [Docket No. 18] and the Joint Response to Court's December 11, 2006 Order [Docket No. 20]:

**I.**    **BACKGROUND**

Plaintiff Johnny Terry seeks to hold Defendants Waste Management Inc. of Florida ["Waste Management"] and Bryant Burns liable for allegedly failing to pay him overtime wages for his work as a "Driver/Trash Collector" in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Docket Nos. 1, 13. Plaintiff alleges that he worked as 11.63 hours of overtime in a two-week period from May 28, 2006 through June 9, 2006, and that Defendants owe him $1,368.54 in back wages and liquidated damages. Docket No. 13 at 2. Defendants claim that they paid Plaintiff for all of the wages he was owed; that Plaintiff was suspended without pay on June 4, 2006; that Waste Management erroneously issued a check to Plaintiff for twenty-four hours of

vacation for June 5 through June 7, 2006; and that Waste Management, in fact, paid Plaintiff $534 in excess of what he was owed.  Docket No. 14 at 2 - 3.

On December 8, 2006, the parties filed a Joint Stipulation for Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a) in which they "stipulate and agree to the Dismissal **With Prejudice** of this matter, with each party bearing their own attorney's fees and costs."  Docket No. 18 (emphasis in original).  Upon consideration of the Joint Stipulation, the district court noted that the Court was required to determine whether the resolution of this case is a "fair and reasonable resolution of a bona fide dispute pursuant to *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354 - 55 (11th Cir. 1982)*,* and ordered that the parties "submit the terms of the resolution of this case . . . so that the Magistrate Judge can prepare a report and recommendation regarding same."  Docket No. 19 at 1.

The parties have filed a "Joint Response" to the district court's order in which they explain that Plaintiff asserts that he is owed back wages, while Defendants claim that Plaintiff actually owes Defendants for "overpayment of wages."  Docket No. 20 at 1.  Plaintiff "acknowledges that the explanation advanced by Defendant for the deduction is reasonable, and that Plaintiff misunderstood Waste Management's vacation policies."  *Id.*  The parties further state:

> Because the parties are claiming each is indebted to the other, and because there was some misunderstanding on the part of Plaintiff about Waste Management's vacation policies, the parties agreed to dismiss the case, with prejudice, with no exchange of funds between the parties.

*Id.* at 2.

## II. THE LAW

### a. Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

**b.     Awards of Reasonable Attorneys' Fees and Costs**

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See*

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to

a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III.   APPLICATION

The parties, after considering all of the claims and issues, agreed to resolve this action by dismissing the case. In terms of the fairness of this resolution, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based pleadings and filings in this case, there is no suggestion of collusion. Further, the amount of potential recovery was small under Plaintiff's own accounting of his claim. *See* Docket No. 13. Early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary. The Court finds that the resolution of this case through a voluntary stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a) is fair and reasonable. It is therefore

**RECOMMENDED** that the case be **DISMISSED** with prejudice, and that the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy